Eduardo **DIAZ IRIZARRY**, Plaintiff,

v.

**ENNIA, N.V.,** Defendant.

**Civ. No. 84–2790 HL.**

United States District Court, D. Puerto Rico.

Feb. 10, 1988.

Roberto J. Sicilia, Gerardo Mariani, Woods & Woods, Hato Rey, P.R., for plaintiff.

Eduardo L. Buso, Rivera Tulla & Ferrer, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff insured is suing defendant insurer for breach of contract. Defendant issued plaintiff an indemnity insurance policy on plaintiff's trawler "Whatever." On July 17, 1983 the "Whatever" sustained damage due to flooding. The insured filed a claim with the insurer for indemnity under the policy. The insurer twice surveyed the damage and twice made offers of settlement to the insured, both of which were spurned as inadequate by the insured. The insured then filed the instant suit. In addition to suing for performance on the policy, in other words to establish the extent of damage and coverage, plaintiff insured has brought three claims for consequential damages allegedly incurred as a result of defendant insurer's failure to make plaintiff a reasonable settlement offer. Plaintiff avers that defendant's breach of the policy contract aggravated plaintiff's asthmatic condition, resulted in loss of use of the "Whatever," and caused plaintiff mental suffering.

In June 1986 defendant moved for summary judgment on two grounds. Its motion based on the issue of extinguishment was denied. In the alternative, defendant moved to dismiss the causes of action for asthma and mental suffering for failure to state a claim for which relief can be granted under Puerto Rico law. In a two paragraph treatment, the Court also denied this motion. Subsequently, at the final pretrial conference, the jury trial scheduled for the next day was continued *sine die*, and it was agreed that the parties would file simultaneous memoranda concerning the disputed causes of action addressed in the two para-

graphs. We proceed to consider these memoranda.

Defendant's original motion in the alternative addressed only the two causes of action for asthma and mental suffering. In its brief filed simultaneously with plaintiff's,[1] defendant also requested dismissal of the claim for loss of use, on the same grounds as for the other two claims. In its reply to plaintiff's simultaneous memorandum of law, however, defendant apparently returned to its original theory, asking for dismissal of only the causes of action for asthma and mental suffering.

### I.

Defendant makes it immediately clear that it is in complete agreement with plaintiff's contention, and the Court's earlier ruling, that under the law of Puerto Rico, the foreseeability standard governs the availability of consequential damages in breach of contract situations where there are no allegations of tortious conduct. Rather, defendant asks the Court to decide, as a matter of law, that the consequential damages claimed by plaintiff in this case were not foreseeable at the time of entering into the contract.

■ The question of foreseeability is for the jury. Because it is an evaluative application of a legal standard to the facts, a reasonable difference of opinion might exist and the jury must decide. *Marshall v. Perez Arzuaga*, 828 F.2d 845, 849 (1st Cir. 1987) (citing *Springer v. Seaman*, 821 F.2d 871, 876 (1st Cir.1987),) (citing *Prosser & Keeton on Torts*, 320–21 (W. Keeton 5th ed. 1984) ). Though under Puerto Rico law the judge decides foreseeability issues, federal law controls the division of responsibility between the judge and the jury. *Id.*, citing *Molinar v. Western Electric Co.*, 525 F.2d 521, 527 (1st Cir.1975). Federal law mandates that foreseeability is a decision for the jury.

Contrary to defendant's characterization of the matter, the Court does not hereby "validate" plaintiff's cause of action for asthma. Defendant accepts that the standard for consequential damages in general, and asthma damages in particular, is foreseeability. Defendant is just a little confused about what entity applies that standard.

■ Defendant's second ground for dismissal points toward an alleged infirmity in the pleadings. The damages for aggravation of asthma and for mental suffering are special damages because they do not necessarily flow from breach of the contract. As special damages, that is, not general damages which can be expected to be incurred by the breach, they must be specifically requested in the pleadings. F.R.C.P. 9(g). Because plaintiff did not plead that defendant had notice that plaintiff suffered from asthma and was living aboard the yacht, plaintiff has failed to adequately plead special damages and they are therefore not recoverable.

■ Defendant's view of pleading special damages is too restrictive. Defendant confuses the substance of what plaintiff may ultimately have to prove with the substance of what plaintiff must plead. The purpose of requiring that special damages be specifically pleaded is to put a defendant on notice that damages other than those which he is presumed to expect are being sought. There is no requirement that the causes of action through which special damages are sought must be pleaded with the same level of particularity as fraud or mistake, for instance, required by F.R.C.P. 9(b). Rule 9(g) merely requires that when "items of special damages are claimed, they shall be specifically stated." Plaintiff has adequately pleaded, or stated, and defendant has notice of, the special damages that are being sought by plaintiff.

### II.

In contrast to its argument that aggravation of plaintiff's asthma was as a matter

---

**1.** The title of defendant's brief is as amusing as it is presumptuous and inaccurate: "Memorandum of Law in Support of the Court's Position to Exclude Evidence of Consequential Damages." The Court takes no positions on issues, it rules on them. The Court ruled on the issue of consequential damages in its order dated January 30, 1987 and only now does so again.

of law not a foreseeable consequence of the breach of the contract, defendant also argues that damages for mental suffering for breach of contract are not recoverable under the law of Puerto Rico unless the breach "is of such a character as authorizes an action in tort." Since plaintiff did not plead that it was proceeding in tort, defendant argues, it cannot recover for mental suffering.

It is true that plaintiff has not alleged bad faith or fraud or other tort. In most jurisdictions, though, plaintiffs seeking damages for mental suffering are not required to specify whether they are proceeding in contract or in tort. *Restatement of Contracts 2nd*, sect. 353; 5 *Corbin on Contracts*, sect. 1076. But in Puerto Rico it is apparently necessary to plead fraud or bad faith or it is lost. *Gonzalaz Mena v. Danner Miller Coffee Co.*, 48 P.R.R. 590, 598 (1935); *Carrasquillo v. Lippitt & Simonpietri, Inc.*, 98 P.R.R. 646, 650 (1970). This is so because good faith is presumed and fraud must be pleaded with particularity.

The substantive manifestation of this rule of pleading can be seen in Article 1060 of the Civil Code of Puerto Rico, 31 L.P.R.A. sect. 3024.

> The losses and damages for which a debtor in good faith is liable, are those foreseen or which may have been foreseen, at the time of constituting the obligation, and which may be a necessary consequence of its nonfulfilment.
>
> In case of fraud, the debtor shall be liable for all those which clearly may originate from the nonfulfilment of the obligation.

Thus, in cases where no fraud or bad faith is alleged, damages are limited to those that were foreseeable.[2] If there is fraud, on the other hand, all damages proximately caused by the breach are compensable, whether they are foreseeable or not.

Though many jurisdictions have in recent years adopted statutes providing a cause of action against insurance companies for bad faith refusal to settle a claim, Puerto Rico has no such law. A person so aggrieved must proceed under the general provisions in the Civil Code concerning contract and tort law. In this case plaintiff did not plead fraud or other tort in the complaint. His attempt in the alternative to introduce a tort cause of action by way of his opposition to defendant's motion for summary judgment must fail. Damages are limited to those foreseeable.

In practical as opposed to remedial terms, the disallowance of plaintiff's belated attempt to sound the case in tort will affect the focus of the inquiry at trial. No evidence will be adduced concerning the mental state or motive of defendant insurer. Good faith will be presumed. Instead, the focus will be on the foreseeability and causation of the alleged damages.

Defendant correctly cites the leading case of *Gonzalez Mena* for the proposition that in the absence of fraud only foreseeable damages are recoverable. That case broadly held that "[a]ny damages for mental suffering sustained by the plaintiff are certainly not recoverable in this action, which is based on breach of contract. They may not be recovered ... except in rare cases wherein the breach of contract is of such a character as to support an action of tort." *Gonzalez Mena* at 598. Even this broad denial of mental suffering damages recognizes that they may be available in cases where the breach was of a tortious character, cases which are on the borderline between breach of contract and tort. Plaintiff's failure to plead a tort and the consequent foreclosure of bringing the action in tort does not alter the alleged tortious character of the breach. Moreover, subsequent caselaw has been more liberal in its allowance of damages for moral suffering in breach of contract cases than the broad language contained in *Gonzalez Mena* would seem to indicate.

In *Camacho v. Catholic Church*, 72 D.P.R. 353 (1953), for example, damages for mental suffering were allowed because

---

**2.** Article 1058, 31 L.P.R.A. sect. 3022:

No one shall be liable for events which could not be foreseen, or which having been foreseen were inevitable, with the exception of the cases expressly mentioned in the law or those in which the obligation so declares.

they were a foreseeable consequence of breach of a contract of sale of a sepulchre in a cemetery. The remains of plaintiff's beloved were removed and the sepulchre resold. The case made no mention of tort pleading or tortious conduct or even breach of such a character as to support a tort. Moral damages were allowed because they were foreseeable.

■ In *Pereira v. I.B.E.C.*, 95 P.R.R. 28 (1967) damages for mental suffering were recoverable, as being foreseeable, by the original purchasers and occupiers of a house which contained hidden defects. Moral damages were not allowed to subsequent purchasers who had notice of the defects before purchase. It was not foreseeable that purchasers having notice of defects would suffer mentally because the house was flawed. The Supreme Court held that plaintiff's remedy was not limited to that provided in the construction statute—repair of the defects—on which plaintiff sued. "[I]f liability under [the construction statute] arises from a contractual relation, the contractor is liable, under the circumstances of this case, for the moral damages caused by its negligence in the fulfillment of its obligation to construct such houses." Thus, an action for moral damages for a breach of contract arises under Articles 1054,[3] 1058, and 1060 even in the absence of bad faith, fraud, or wanton or reckless behavior. Negligent breach is enough. Therefore, if it is determined in this case that defendant was negligent in breaching the insurance policy contract by failing to indemnify plaintiff for his losses, any resulting damages which were foreseeable are compensable.[4]

It is true that a number of decisions of the Puerto Rico Supreme Court have disallowed moral damages in specific breach of contract actions. *Soegard v. Concretera Nacional, Inc.*, 88 P.R.R. 174 (1963) (architect's mental suffering not compensable where cement company delivers and contractor uses defective cement in a construction project designed by architect); *Diaz v. Palmer*, 62 P.R.R. 106 (1943) (no moral damages for defective house where house is not occupied); *Diaz v. Cancel*, 61 P.R.R. 857 (1943) (no moral damages for lessee who was prevented from enjoying all of the fruits of his leased land). In these cases, it is important to point out, the moral damages issue was decided on the particular circumstances of the cases by the triers of fact, the judge in Puerto Rico courts, that moral damages were not foreseeable. The trier of fact in this case, the jury in federal court, has not yet had that opportunity. At this point in the proceedings all that can be said is that generally under the substantive law of Puerto Rico consequential damages, including for mental suffering, are available in breach of contract situations if they were foreseeable at the time the contract was formed. The Court cannot say that under the circumstances of this case damages for mental suffering may not be recovered as a matter of law.

Though its influence on Puerto Rican civil law is far from certain,[5] the common

---

**3.** Article 1054, 31 L.P.R.A. sect. 3018:
  Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby.

**4.** In *Conjugal Partnership v. Water Resources Authority*, 91 P.R.R. 72 (1964) the Supreme Court allowed $500 in damages for mental suffering to a party whose electricity had been cut off after the Authority had accepted payment for the amount owed, thus constituting a contract between the parties.

**5.** Former Chief Justice of the Puerto Rico Supreme Court José Trías Monge wrote that "Puerto Rico has a mixed legal system. The Spanish Civil Code of 1888 and the Commerce Code of

1885, with alterations, are still in effect in Puerto Rico, as well as many other basic laws of Spanish origin. The system still has a Civil Law cast, but American law and techniques dominate the fields." Trías Monge, *The Structure of the American Legal System,* 51 Revista Jurídica de la Universidad de Puerto Rico 11, 12 (1982). One author finds this last statement to be particularly apt in the field of torts, where "the influence of Anglo-saxon law has been decisive." Because the Puerto Rico Supreme Court favors Anglo–American tort law, "practicing attorneys have become accustomed to looking for solutions in North American sources of jurisprudence, treatises, and thematic compilations of common law rules, e.g., *Restatement of the Law of Torts; Prosser on Torts.*" (Our translation.) This process has both methodological and idiomatic manifestations, the author intones. Vélez

law and its commentators have addressed moral damages issues on more than rare occasions. Though damages for mental suffering are generally not allowed, there are exceptions where the suffering accompanies a bodily injury or where the breach is of such a type that mental suffering is a particularly likely result. *Restatement of Contracts 2nd, supra.* The latter exception approaches the Puerto Rico foreseeability formulation. Corbin adds the requirement of a wanton or reckless breach, but notes that a strong minority of jurisdictions merely require negligence. *Corbin on Contracts, supra.*

In this case, plaintiff has alleged bodily injury, aggravation of asthma accompanied by mental suffering. For these two causes of action, the bodily injury exception would seem to apply. Moreover, it is not inconceivable that mental suffering can be a particularly likely result of an insurance company's breach of an obligation to indemnify for loss. The loss has already put the insured in a vulnerable position. The potential for abuse on the part of the insurance company, which has all of the bargaining power, is great. See Appleman, *Insurance Law and Practice*, sect. 11256 (and cases from various common law jurisdictions cited therein (especially at notes 14–17), allowing and disallowing damages for mental suffering resulting from an insurance company's breach of its obligation to indemnify).

To make this clear we repeat. We make no determination at this stage as to the foreseeability of consequential damages claimed by plaintiff. That is a question for the jury. We merely find that foreseeability is the proper standard.

We note that plaintiff's task is by no means an easy one. The burden to prove that the damages were foreseeable is on plaintiff. Under the facts of this case, foreseeability may well be difficult to prove, even under an objective "should have foreseen" standard, especially for the claims for aggravation of asthma and for mental suffering. Plaintiff in effect alleges that his special condition of asthma should have been foreseen at the time of forming the contract. As for the mental suffering, he alleges it resulted because he was living on the boat. He will have to prove that circumstance was foreseen or at least foreseeable.

Finally, defendant's argument in the alternative that this is not a breach of con-

Torres, *La Presencia de los Sistemas de Derecho Civil y de Derecho Anglo-sajón en la Jurisprudencia Puertorriqueña*, 11 Revista Jurídica de la Universidad Interamericana 805, 809–10 (1971).

Contrary to Vélez Torres' view of the Supreme Court's role in the increasing hegemony of Anglo–American law, the Supreme Court considers itself to have "struggled to stop this trend ... in recent decades." As a means of stemming the tide, the Supreme Court has ruled that "all cases which tend to solve civil law problems through common law principles are reversed." Common law may only be used as a point of reference for comparative law. *Valle v. American International Insurance Co.,* 108 D.P.R. 692, 694 (1979).

With all due deference we question the wisdom of this pronouncement, predicated chiefly on historical and at times emotional considerations. Ironically, the author of the opinion in *Valle* was Chief Justice Trías Monge, who three years later acknowledged the "mixed" character of the system. The *Valle* opinion underscores the paradox, and often the frustration, of trying to apply outdated provisions of the civil and mercantile codes to American commercial, corporate, banking, and labor practices which have been fully adopted in Puerto Rico.

Romantic as working with the Civil Code may be, the clock cannot be turned back. It must be kept in mind that the application of Spanish law to problems arising from basic socioeconomic structures, such as highways, automobile transportation, medical practice, and modern finance, which operate under standards stemming from federal or American law is consistent with neither practical reality and efficiency nor the sources of law actually being applied in Puerto Rico today. *See* Calderón, Jr., Alvaro, *Revisión del Derecho Civil en Puerto Rico: Necesidad Imperiosa,* 24 Revista Colegio de Abogados 233 (1963–64). It has been repeatedly said, without pause, that Puerto Rico is a civil law jurisdiction. Yet, the Civil Code, albeit important, is but a fraction of the body of Puerto Rican positive law and an even smaller fraction of all of the laws, including federal, that apply to Puerto Rico. Consequently, it seems more accurate to describe Puerto Rico not as a civil law jurisdiction but rather as a jurisdiction where the Civil Code applies.

Puerto Rico is the beneficiary of two great legal systems. Out of the interaction and synthesis of these systems, but without eclipsing or banning one or the other, a new *Derecho Puertorriqueño* can and does emerge.

tract case at all can be disposed of presently. Defendant cites one case in support of its view that this is, instead, solely an action to recover a loss under an insurance policy. Even this formulation sounds like a breach of contract action in which specific performance is the remedy sought. The first cause of action is undoubtedly based on breach of contract. Plaintiff alleges that defendant did not fulfill its obligation to indemnify. The other three causes of action are for consequential damages resulting from the breach. Thus, defendant's argument that plaintiff could very well have insured his boat for loss of use and therefore that cause of action must be dismissed, is equally fatuous.

WHEREFORE, defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.